NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JACK SUCIC,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2014-7134

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-0158, Judge William Greenberg.

_____

Decided: February 16, 2016

_____

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

RENEE GERBER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHNER, JR., MARTIN F. HOCKEY, JR.; DAVID J. BARRANS, BRIAN D.

GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, REYNA, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* REYNA.

Dissenting opinion filed by *Circuit Judge* WALLACH.

REYNA, *Circuit Judge.*

Jack Sucic, a veteran, seeks an early effective date for a grant of service-connected disability compensation. The U.S. Court of Appeals for Veterans Claims determined that the Board of Veterans' Appeals did not err in denying Mr. Sucic's request for an earlier effective date. For the reasons set forth below, we *reverse* the determination of the U.S. Court of Appeals for Veterans Claims and *remand* for further proceedings.

## BACKGROUND

Mr. Sucic served honorably in the United States Marine Corps from July 1973 to October 1984. In June 1992, Mr. Sucic filed a claim for a nervous condition and post-traumatic stress disorder ("PTSD"). The Department of Veterans Affairs' ("VA") regional office denied the PTSD claim in December 1992. J.A. 14–15. Three months later, in March 1993, Mr. Sucic submitted a statement via VA Form 21-4138, informing the VA that he had been receiving treatment for an ongoing nervous condition since March 1985. J.A. 16. In that submission, Mr. Sucic noted that he had received treatment at a VA medical center in Columbia, Missouri. Mr. Sucic did not formally appeal the regional office's 1992 decision on his PTSD condition, and that decision became final in December 1993.

Subsequent to December 1993, Mr. Sucic obtained the assistance of a non-attorney veterans support group and appealed a regional office decision concerning several

claims for compensation that were unrelated to his PTSD claim. In the appeal, Mr. Sucic also raised the PTSD service connection issue. In a July 1995 decision, the Board of Veterans' Appeals (the "Board") referred the PTSD issue to the regional office for "appropriate action."

> *The veteran has further contended that service connection is warranted for post-traumatic stress disorder (PTSD).* Service connection for this disability was denied in a December 1992 rating action with notice in January 1993 and no disagreement received thereafter. Such issue was not developed for appellate review and no action by the Board is warranted. *It is referred to the Department of Veterans Affairs (VA) Regional Office (RO) for appropriate action.*

J.A. 18–22 (emphases added). The Board also instructed two specific tasks to the regional office: obtain copies of the treatment records from the medical center in Columbia, Missouri, and afford Mr. Sucic an opportunity to receive a surgical exam for a non-combat shrapnel wound.[1] The Board informed Mr. Sucic that "[n]o action is required of the veteran or his representative until they receive further notice." J.A. 20–21. The regional office, however, took no further action on the referral of the PTSD claim, and Mr. Sucic did not receive notice or otherwise hear from the regional office about the referral.

---

[1] As directed by the Board, the regional office obtained a VA hospital discharge summary from the medical center in Columbia, Missouri, showing that Mr. Sucic had been hospitalized from March to April 1993 for diagnoses involving alcohol and cannabis abuse, with no other psychiatric disorder identified. J.A. 68–69, 73. The VA made no specific factfinding concerning the discharge summary in connection with Mr. Sucic's PTSD disability claim.

In January 2003, Mr. Sucic filed another statement in support of his PTSD claim. After reviewing the statement, the VA considered the claim reopened with new evidence. In 2008, the VA awarded Mr. Sucic a disability rating of 100% for his PTSD with an effective date of January 2003. J.A. 3.

In 2008, Mr. Sucic filed a claim for an earlier effective date for his PTSD disability, which resulted in appeals before the Board and the U.S. Court of Appeals for Veterans Claims (the "Veterans Court"). In the appeal before the Veterans Court, Mr. Sucic and the government filed a joint motion to remand on grounds that the Board had failed to adequately address whether the PTSD claim was left pending by the 1995 referral. J.A. 3.

On remand, Mr. Sucic argued that the effective date for his PSTD disability should be 1992 because his statement submitted on VA Form 21-4138 in March 1993 triggered his first 1992 claim for a PTSD disability. Mr. Sucic also argued that the Board's 1995 referral recognized the significance of his March 1993 submission. The Board rejected those arguments:

> The Board has reviewed the record but finds no document during the intervening period between the final December 1992 [regional office] decision and the date the [regional office] received the Veteran's petition to reopen his claim on January 24, 2003, which could be construed as either an informal or formal claim for service connection for PTSD or any other diagnosed psychiatric disorder.

J.A. 78. The Board concluded that the reference to PTSD in its 1995 referral was "misplaced" and that the regional office had "reviewed the issue, determined that there was no claim and, therefore, had no action to take." J.A. 76.

On September 5, 2012, the Board issued its remand determination and denied Mr. Sucic's entitlement to an

earlier effective date on grounds that he failed to submit evidence of PTSD within the appeal period subsequent to the regional office's 1992 decision. J.A. 66–81.

Mr. Sucic appealed the Board's remand determination to the Veterans Court on January 16, 2013. J.A. 1–5. On appeal, Mr. Sucic argued that a referral by the Board necessarily meant that he had submitted a proper claim in 1995, and that the VA's inaction on his pending claim amounted to a procedural error. Mr. Sucic asserted that because the VA committed procedural error, his claim is *not* final and is *not* adjudicated until the VA corrects the procedural error. *AG v. Peake*, 536 F.3d 1306, 1311 (Fed. Cir. 2008). The Veterans Court disagreed, finding that because Mr. Sucic had not submitted new or material evidence before 2003, the Board's decision was final and there was no claim pending. The Veterans Court also determined that under 38 C.F.R. § 19.9 (1995), the regional office was not required to adjudicate the Board's referral because that section governed "remands" and not referrals.

Mr. Sucic appeals. We have jurisdiction under 38 U.S.C. §§ 7292(a), (c).

STANDARD OF REVIEW

Our standard of review in this case is limited. We review de novo legal determinations by the Veterans Court. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). We have jurisdiction over all relevant questions of law, including interpretations of constitutional and statutory authority. 38 U.S.C. § 7292(d)(1). We set aside any decision by the Veterans Court that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. *Id.* Except as to constitutional issues, we cannot review

challenges to a factual determination or challenges to a law or regulation as applied to the facts of a particular case. *Id.* § 7292(d)(2).

## DISCUSSION

On appeal, Mr. Sucic argues that the referral by the Board obligated the VA to extend Mr. Sucic certain procedural safeguards, including a duty to investigate the claim, review evidence, and make a determination on the claim. *See* 38 C.F.R. § 19.9 (1995). Mr. Sucic argues that the regional office's inaction following the referral amounted to procedural error because no action was taken and his claim was left pending with no adjudication. Finally, Mr. Sucic argues that the VA's instruction for him not to take any action until he heard back from the VA prevented him until 2003 from submitting any additional evidence in support of an earlier effective date, and is further indication of an open, pending claim.

The government concedes that the regional office did not review or consider Mr. Sucic's referred PTSD claim until January 2003. The government asserts that the regional office took no action because there was no evidence in the record of a pending PTSD claim.

The government argues that Mr. Sucic confuses the duties assumed by the VA pursuant to a "remand," as opposed to a "referral," by the Board. The government asserts that 38 C.F.R. § 19.9 (1995) applies to remands only and not referrals. As such, the regulation requires the Board to specify the action to be taken by the regional office on remand, but it is silent as to any procedural safeguards under referrals.

We hold that the VA committed procedural error by failing to take action on the claim that was referred to it by the Board. The failure denied Mr. Sucic an opportunity to develop the record, and the failure left pending and un-adjudicated his claim for an earlier effective date.

We find persuasive Mr. Sucic's arguments that the referral by the Board raised procedural safeguards that the VA failed to implement. In 2011, the VA amended § 19.9, leaving the provision on remands materially the same, while adding a new subsection for referrals:

> Referral. The Board shall *refer* to the agency of original jurisdiction for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the agency of original jurisdiction, except for claims over which the Board has original jurisdiction.

38 C.F.R. § 19.9(b) (2011) (emphasis added). The plain language of the new regulation recognizes that a referral is made to address pending un-adjudicated claims and requires the Board to direct the regional office to give the claim "appropriate consideration," without specifying the action to take.

The government is correct that § 19.9(b) did not exist in 1995 when the referral was made. During the notice-and-comment process leading to the adoption of § 19.9(b), the VA indicated in the *Federal Register* that the rationale for providing a new separate subsection for referrals was to codify the Board's pre-2011 practice concerning referrals:

> We proposed to amend 38 C.F.R. § 19.9(b) to articulate the Board's practice of referring to the AOJ for appropriate action unadjudicated claims that have been reasonably raised by the record, except for claims over which the Board has original jurisdiction. . . . The final rule we are adopting by this rulemaking merely codifies the Board's referral practice in regulation.

76 Fed. Reg. 17,545 (Mar. 30, 2011).

In view of the foregoing, the VA is incorrect that the 1995 referral required no action and that its failure to review the referred claim was not procedural error. Prior to 2011, 38 C.F.R. § 19.9 (1995) spoke to "remands," but not "referrals," and it required the Board to dictate the exact action for the regional office to take on remand. 38 C.F.R. § 19.9 (1995). The regulation was amended to codify the Board's practice as to referrals, which were made with no explicit statement of action to be taken because the matter was considered pending and the precise action necessary to adjudicate the pending claim was a first instance decision by the agency.

The VA's pre-2011 practice concerning referrals is also reflected in the decisions of the Veterans Court. The Veterans Court has concluded that a referred claim is the recognition of an un-adjudicated claim requiring initial adjudication by the regional office before the Board has jurisdiction. *Godfrey v. Brown*, 7 Vet. App. 398, 409 (Vet. App. 1995) (recognizing the need for a regional office to adjudicate a pending claim later referred to it). According to the Veterans Court, and as we have recognized, unlike remands, referrals do not provide specific instructions to the regional office because the regional office must take action to adjudicate the claim before it can be properly reviewed by the Board. *See, e.g.*, *Brown v. West*, 203 F.3d 1378, 1380 (Fed. Cir. 2000) (describing the affirmative actions taken by a regional office after receiving a 1991 referral for "appropriate consideration" of a claim).

The government argues that Mr. Sucic was required to submit a formal claim in writing in order for a pending claim for adjudication to exist. This is not correct. As we explained in *Reeves*, and as reflected in the regulations in effect in 1995, "any communication" can qualify as an informal claim. *Reeves v. Shinseki*, 682 F.3d 988, 993 (Fed. Cir. 2012) (citing *Rodriguez v. West*, 189 F.3d 1351, 1353 (Fed. Cir. 1992)). A writing need only demonstrate intent to apply for benefits and identify the particular

benefits sought.  *Id.*  As the VA concedes, the record does not reflect what occurred in the 1995 hearing, apart from the Board's recognition of Mr. Sucic's arguments for an earlier effective date for PTSD compensation and the Board's resulting referral for "appropriate action" on that claim.  That Mr. Sucic did not submit any evidence subsequent to that hearing is justifiable given the Board's notice to him not to take any further action on his pending claim.

Veterans and other claimants are entitled to due process during VA proceedings.  *Sprinkle v. Shinseki*, 733 F.3d 1180, 1185 (Fed. Cir. 2013) (citation omitted).  A claim for benefits remains pending until the claim is finally adjudicated.  38 C.F.R. § 3.160(c).  A claim is considered pending if the VA fails to notify the claimant of the denial of the claim or of the right to appeal an adverse decision.  *Adams v. Shinseki*, 568 F.3d 956, 960 (Fed. Cir. 2009) (citing *Cook v. Principi*, 318 F.3d 1334, 1340 (Fed. Cir. 2002) (en banc)).  "If a claim is left pending without a final adjudication, the claim may be addressed when a subsequent claim is adjudicated by the VA, in which case the effective date for any resulting award of benefits will be the effective date applicable to the earlier claim." *Jones v. Shinseki*, 619 F.3d 1368, 1371 (Fed. Cir. 2010) (citing *Adams*, 568 F.3d at 960; *Myers v. Principi*, 16 Vet. App. 228, 236 (2002)).

We *reverse* the Veterans Court's decision denying Mr. Sucic's claim for an earlier effective date for his PTSD disability compensation and *remand* for further findings and determinations on the effective date for his PTSD claim.

**REVERSED AND REMANDED**

COSTS

Costs to Mr. Sucic.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACK SUCIC,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7134

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-0158, Judge William Greenberg.

---

WALLACH, *Circuit Judge*, dissenting.

"[H]ard cases[] make bad law." *N. Sec. Co. v. United States*, 193 U.S. 197, 364 (1904) (Holmes, J., dissenting). So do bad facts. *Haig v. Agee*, 453 U.S. 280, 319 (1981) (Brennan, J., dissenting) ("'[B]ad facts make bad law.'"). In this appeal, the majority chooses humanity over unarguable fact and settled authority. The concern for humanistic values is admirable, but it is not the law which binds us. Accordingly, I respectfully dissent.

## I.

This appeal concerns Jack Sucic's claim for an earlier effective date for the grant of service connection for post-traumatic stress disorder ("PTSD"). The majority holds that the United States Department of Veterans Affairs ("VA") "committed procedural error by failing to take action on [Mr. Sucic's PTSD] claim that was referred to it" by the Board of Veterans' Appeals ("Board") in 1995. Maj. Op. at 6–7.

The majority's conclusion suffers from two critical defects. First, the majority predicates its holding on a fact that the record does not support—i.e., that a pending claim existed for the VA to resolve. The Board held, and the United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed, that the Board's referral alone did not transform Mr. Sucic's PTSD matter into a pending claim;[1] rather, in the absence of new material evidence submitted by Mr. Sucic pursuant to 38 U.S.C. § 5108 (2012),[2] the Board found that the VA had no duty to act on the referral. *See* J.A. 75–76 (Board's decision); *see also* J.A. 4–5 (Veterans Court's decision). We have no occasion to revisit that determination, which involves the application of law to the facts of the case. 38 U.S.C. § 7292(d)(2) ("Except to the extent that an appeal under

---

[1]  A "pending claim" describes "[a]n application, formal or informal, which has not been finally adjudicated." 38 C.F.R. § 3.160(c) (2012). Unless otherwise noted, I cite the 2012 version of the VA's regulations because the Board issued the decision under review in September of that year. J.A. 66. As explained below, the VA has since amended its regulations.

[2]  "If new and material evidence is presented or secured with respect to a claim which has been disallowed, [the VA] shall reopen the claim and review the former disposition of the claim." 38 U.S.C. § 5108.

this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."); *see Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) ("Whether a veteran has raised a particular claim is a factual determination, outside the purview of our appellate authority." (citations omitted)); *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) ("[T]he interpretation of the contents of a claim for benefits [is] a factual issue over which we d[o] not have jurisdiction." (citation omitted)).

Second, the majority's conclusion disregards the presumption of regularity that attaches to veterans proceedings. "The presumption of regularity supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties." *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001) (internal quotation marks and citations omitted). As the Board properly found, even if the passage in its 1995 decision that referred the PTSD matter to the VA "created some kind of duty," the "presumption of regularity" attached such that the Board could "assume that the [VA] reviewed the issue, determined that there was no claim and, therefore, had no action to take." J.A. 76. That conclusion seems particularly sound in the absence of any evidence to the contrary from Mr. Sucic.

The majority's substitution of its own factual findings in place of the Board's will have significant consequences. For example, the majority's holding transforms the Board's referral of Mr. Sucic's PTSD matter into an informal claim.[3] In so doing, the majority has created an

---

[3] The VA recently amended its regulations "to require that all claims governed by VA's adjudication regulations be filed on standard forms prescribed by the [VA],

unknown class of claims that promises a log jam at the VA. Our servicemen and women who "risked both life and liberty in their military service to this country" deserve a system that expeditiously resolves their claims, not one encumbered by rules created through judicial fiat. *Sneed v. Shinseki*, 737 F.3d 719, 728 (Fed. Cir. 2013).

## II.

The majority also finds that the Veterans Court erred in its interpretation of 38 C.F.R. § 19.9 (1995). Maj. Op. 7–9. Our precedent requires a different conclusion.

Mr. Sucic generally contends that the Veterans Court erred in its interpretation of 38 C.F.R. § 19.9 (1995) by finding that the regulation governs Board remands only;

---

regardless of the type of claim or posture in which the claim arises." *See Standard Claims and Appeals Forms*, 79 Fed. Reg. 57,660, 57,660 (Dep't of Veterans Affairs Sept. 25, 2014) (to be codified at 38 C.F.R. pts. 3, 19, 20). The VA's amended regulations took effect on March 24, 2015, and the *Federal Register* notice does not state that the amended regulations have retroactive effect. *Id.* Thus, claims filed before that date remain subject to the VA's former regulations, which contain two provisions addressing informal claims: 38 C.F.R. § 3.155(a), which concerns "original informal claim[s] and requires the informal claim [to] identify the benefit sought and indicate an intent to apply for one or more benefits," and 38 C.F.R. § 3.157(b)(1), which is "directed to an informal claim to increase or reopen a previous compensation determination and permits a medical report to be considered [as] an informal claim when the report relates to a disability for which service connection has previously been established." *MacPhee v. Nicholson*, 459 F.3d 1323, 1325–26 (Fed. Cir. 2006) (internal quotation marks, brackets, footnote, and citations omitted).

instead, he argues that the regulation also applies to referrals. Appellant's Br. 5–11. In so doing, he does not address the regulation's text and attempts to elevate other sources above the provision's express terms. *See id.* That approach ignores the framework under which we must interpret regulations.

In construing a regulation, we first consider "its plain language" and "terms in accordance with their common meaning." *Lockheed Corp. v. Widnall*, 113 F.3d 1225, 1227 (Fed. Cir. 1997) (citations omitted). "In doing so, the court considers 'the text of the regulation as a whole, reconciling the section in question with sections related to it.'" *Mass. Mut. Life Ins. Co. v. United States*, 782 F.3d 1354, 1365 (Fed. Cir. 2015) (quoting *Lengerich v. Dep't of the Interior*, 454 F.3d 1367, 1370 (Fed. Cir. 2006)). If the regulation contains "clear and unambiguous" terms, "then no further inquiry is usually required." *Id.* (citing *Roberto v. Dep't of the Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006)).

Mr. Sucic's preferred interpretation finds no support in the clear and unambiguous terms of 38 C.F.R. § 19.9 (1995). Titled "Remand for further development," the regulation states in relevant part that under certain circumstances "the Board shall *remand* the case to the . . . [VA], specifying the action to be undertaken." 38 C.F.R. § 19.9 (1995) (emphasis added). The title and the text of the regulation confirm that it addresses remands only. *See id.* The regulation does not mention referrals, still less does it address the obligations placed upon the VA if the Board makes a referral. We would have to rewrite the regulation to find that its terms address referrals. As judges, we may not legislate or regulate. *See, e.g.*, *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1258 (Fed. Cir. 2000) ("'This Court is empowered to rewrite neither statutes nor regulations, however unwise, nor does it have the information base nor expertise to do so effectively.'" (quoting *Newport News Shipbuilding &*

*Dry Dock Co. v. Garrett*, 6 F.3d 1547, 1558 (Fed. Cir. 1993))).

That "remand" and "referral" do not share a common meaning further supports the Veterans Court's interpretation. The Veterans Court has found that remands and referrals address "distinct concepts," with Board remands "appropriate whe[n] proper evidentiary development has not been completed" and referrals "appropriate when [a] newly raised claim is not in administrative appellate status." *Locklear v. Shinseki*, 24 Vet. App. 311, 316 n.3 (2011) (citation omitted). Moreover, a Board referral does not afford the same protections as a remand because, unlike a remand, the Board need not ensure VA compliance with a referral. *Reyes v. Nicholson*, 21 Vet. App. 370, 379 (2007) (discussing referral obligations); *Stegall v. West*, 11 Vet. App. 268, 271 (1998) (discussing remand obligations). These authorities confirm that the Veterans Court properly declined to find that 38 C.F.R. § 19.9 (1995) extends to referrals. J.A. 4.

Turning to Mr. Sucic's specific arguments, he alleges that 38 C.F.R. § 19.9 (1995) applies to the Board's 1995 referral of the PTSD claim because a 2011 amendment to the regulation reflects the VA's "clear" intent to afford the same protections to referrals and remands, consistent with the Board's "long-standing practice." Appellant's Br. 7–8 (citing 38 C.F.R. § 19.9 (2011); *Board of Veterans' Appeals: Remand or Referral for Further Action; Notification of Evidence Secured by the Board and Opportunity for Response*, 76 Fed. Reg. 17,544, 17,544 (Dep't of Veterans Affairs Mar. 30, 2011) ("*2011 Notice*") (to be codified at 38 C.F.R. pts. 19 and 20)). The sources cited do not demonstrate Veterans Court error.

With respect to 38 C.F.R. § 19.9 (2011), Mr. Sucic does not address whether the VA meant for the amended regulation to apply retroactively to 1995 when the Board referred his PTSD matter. *See generally* Appellant's Br.

Assuming for a moment that it did, neither the amended regulation's text nor the notice accompanying its promulgation offers support. The amended regulation defines "remand" and "referral" separately. *See* 38 C.F.R. § 19.9(a) (defining remand), (b) (defining referral) (2011). Notably, the amended regulation does not extend the same protections to remands and referrals. *Id.* § 19.9(a)–(b) (2011) (explaining that the Board must remand undeveloped factual issues that are "essential for a proper appellate decision," whereas it will refer other issues to the VA for "appropriate consideration"). Had the VA wanted to treat these distinct instructions as coterminous, it would have promulgated an overlapping regulation.

Similarly, the *2011 Notice* does not support the proffered interpretation. The *2011 Notice* "provide[s] guidance as to what action *the Board* must take when it discovers an unadjudicated claim in the record"—i.e., it refers the matter to the VA. 76 Fed. Reg. at 17,547 (emphasis added). However, the *2011 Notice* does not address what action *the VA* must take upon receipt of a referral, nor does it mention the protections that the VA must afford to the veteran when it receives a referral. *See id.* Thus, the *2011 Notice* does not support Mr. Sucic's argument that 38 C.F.R. § 19.9 (1995) covers referrals.

Finally, Mr. Sucic alleges that the Veterans Court's decision in *Godfrey v. Brown*, 7 Vet. App. 398 (1995), confirms that 38 C.F.R. § 19.9 (1995) "was not limited to remands." Appellant's Br. 11.[4] In particular, Mr. Sucic

---

[4] Mr. Sucic also alleges that the Veterans Court's "misinterpretation . . . is further demonstrated by the fact that the decision in *Godfrey* was made in March 1995 and the Board decision which made the referral [on his PTSD matter] was made in July 1995." Appellant's Br. 11. The temporal proximity of the decisions reveals only that the Veterans Court and the Board decided them four months

contends that *Godfrey* held that the VA must adjudicate a claim referred to it by the Board, just as the VA must when the Board remands a matter to it. *Id.* at 8–9. The Veterans Court did not reach that conclusion in *Godfrey*. Instead, it found that 38 C.F.R. § 19.182(a) (1991)[5]—the precursor to 38 C.F.R. § 19.9 (1995)—did not apply to referred claims, only remands. *Godfrey*, 7 Vet. App. at 409. Accordingly, the Veterans Court found that the Board properly referred the claim to the VA "without additional specific instructions." *Id.* Thus, *Godfrey* is inapposite.

## III.

It is a pleasant thing that a veteran will receive additional consideration about when his benefits should accrue. It is lamentable that the majority reaches that result at the expense of settled legal principles.

---

apart; it does not answer whether one controls the outcome in the other.

[5]    The regulation at issue in *Godfrey* stated that

[w]hen, during the course of review, it is determined that further evidence or clarification of the evidence or correction of a procedural defect is essential for a proper appellate decision, the section of the Board shall remand the case to the agency of original jurisdiction, specifying the further development to be undertaken.

38 C.F.R. § 19.182(a) (1991).