Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 

 FRIEDMAN, Senior Circuit Judge.
 

 The primary issue in this appeal is whether the Court of Veterans Appeals (the name of which was changed to the Court of Appeals for Veterans Claims on March 1,1999) correctly held that an informal claim for benefits filed with the Department of Veterans Affairs (Department) must be in writing. We affirm.
 

 I
 

 The appellant Rodriguez’s deceased husband served in the Army from 1951 to
 
 *1352
 
 1953. In August 1979, following his death, Rodriguez filed with the Department’s regional office in San Juan, Puerto Rico an application for a surviving spouse’s pension. In 1980 the regional office denied the claim because Social Security benefits that Rodriguez and her daughter were receiving exceeded the permissible maximum under the pension provisions. Rodriguez did not appeal that decision.
 

 Rodriguez asserts that in 1986 she received a notice from the Social Security Administration stating that her Social Security benefits would terminate when her daughter turned sixteen in February 1987, but that her daughter’s would continue until the daughter became eighteen. She states that after her daughter’s birthday, she visited the Department’s San Juan regional office, showed them the letter and requested a surviving spouse’s pension, but was told she was not entitled to it because, despite the termination of her Social Security benefits, her daughter would continue to receive them. She further states that she returned to the San Juan office four times, and received the same information.
 

 In March 1990 Rodriguez filed a written application for a pension with the Department’s Chicago regional office, which forwarded it to the San Juan office. The latter office awarded her a pension effective April 1, 1990. She filed a notice of disagreement (the method for appealing such a decision), alleging that the effective date of her benefits should have been February 1987, when her Social Security benefits ended and she visited the San Juan office to ask about a surviving spouse’s pension. After a hearing, the hearing officer in the San Juan regional office held that since there was no evidence that Rodriguez had filed a written claim for benefits before 1990, April 1, 1990 was the proper effective date for her benefits.
 

 The Board of Veterans Appeals affirmed on the ground that “the record does not show that [Rodriguez] filed a reopened claim until March 1990.” The Court of Veterans Appeals, in a single-judge decision, affirmed, and a three-judge panel, with a partial dissent, denied review of that decision. The court held that “[t]here is no evidence in the record that prior to March 1990, Rodriguez submitted a written communication that expressed her intent to apply for benefits” - the court ruled that the letter from the Social Security Administration, the only writing Rodriguez allegedly presented, would not suffice as a written claim because it “would not contain language expressing [Rodriguez’s] belief in entitlement to benefits.” The court also rejected Rodriguez’s claim that the Secretary violated his statutory duty under 38 U.S.C. § 5102 and § 7702(d) by failing to provide her with “aid and assistance,” based on his failure to provide her with an application form for filing a claim in 1987 and failing to help her prepare and file that claim.
 

 II
 

 A. The jurisdiction of this court over appeals from the Court of Veterans Appeals is limited “to reviewing] and deciding] any challenge to the validity of any statute or regulation or any interpretation thereof’ “that was relied on by the Court in making the decision.” 38 U.S.C. § 7292(c), (a) (1994). Conversely, Section 7292(d)(2) states:
 

 Except to the extent that an appeal ... presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 

 In his brief the Secretary argued that we lack jurisdiction over this appeal “[b]ecause Ms. Rodriguez’s appeal challenges only the application by the CVA to the facts of her case.” At oral argument, however, he retreated from this position and acknowledged that we have jurisdiction insofar as Rodriguez contends that under the Department’s regulations an informal claim need not be in writing.
 

 
 *1353
 
 The Secretary’s retreat was well advised. Whether the regulations require that an informal claim be written involves the interpretation of the regulation, not the application of the regulation to the particular facts here. We therefore have jurisdiction over that issue. As we explain below, however, some of Rodriguez’s other contentions do involve the application of the statutes and regulations to the facts here and we therefore have no jurisdiction to adjudicate them.
 

 B. The statute governing veterans benefits provides that “[a] specific claim in the form prescribed by the [the Secretary of Veterans Affairs] ... must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the [Secretary].” 38 U.S.C. § 3001(a) (1982) (current version at
 
 id.
 
 § 5101(a)). The statute further provides that “[u]nless specifically provided otherwise in this chapter, the effective date of an award ... shall not be earlier than the date of receipt of application therefor.”
 
 Id.
 
 § 3010(a) (renumbered
 
 id.
 
 § 5110(a)).
 

 In the definition section of the regulations the Secretary has defined “claim” and “application” (which the statute does not define) as follows:
 

 “Claim”-" Application” means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit.
 

 38 C.F.R. § 3.1(p) (1987). The Secretary has adopted a form providing specified information that must be filed as a formal claim to obtain benefits.
 
 See id.
 
 §§ 3.152, 3.153. The Secretary’s regulations - also state the following with respect to informal claims:
 

 Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the [Department of Veterans Affairs], from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of the informal claim.
 

 Id.
 
 § 3.155(a).
 

 These statutory and regulatory provisions establish the requirements and procedures for seeking veterans’ benefits. To be considered a “claim” or “application” for benefits, the claim, whether “formal” or “informal,” must be “in writing.”
 
 Id.
 
 § 3.1(p). The applicant must eventually file a form providing specified information that the Secretary has adopted, which constitutes the formal claim.
 
 See id.
 
 §§ 3.152, 3.153. In addition, however, “[a]ny communication or action, indicating an intent to apply for ... [veterans] benefits ... may be considered an informal claim,” for which “an application form will be forwarded to the claimant for execution.”
 
 Id.
 
 § 3.155(a).
 

 Rodriguez contends that because Section 3.155(a) refers to “[a]ny communication or action” but does not state that it must be written, the provision allows informal oral claims; that that regulation’s authorization of such claims conflicts with Section 3.1(p), which requires that both formal and informal claims be “in writing”; and that since the latter regulation is general (dealing with all claims) but the former regulation is specific (dealing only with informal claims), we should apply the established cannon of statutory construction that where a specific and a general statute conflict, the specific prevails over the general.
 

 The basic flaw in this argument is that the absence of the word “written” in Section 3.155(a) does not establish that that provision covers oral informal claims. That word was unnecessary because Section 3.1(p) defines “claim,” informal as well as formal, as a “communication in writing.”
 
 *1354
 
 When Section 3.155(a) refers to “an informal claim,” it necessarily incorporates the definition of that term in Section 3.1(p) as a “communication in writing.” In other words, the various provisions of Section 3.155(a) dealing with informal claims necessarily relate to written claims. The section does not deal with or authorize oral informal claims.
 

 Although Section 3.155(a) does not permit informal non-written claims, that does not make that provision insignificant or surplusage, as Rodriguez argues. To the contrary, the regulation has the important function of making clear that there is no set form that an informal written claim must take. All that is required is that the communication “indicat[e] an intent to apply for one or more benefits under the laws administered by the Department,” and “identify the benefits sought.”
 

 Our conclusion is supported not only by the language and structure of the regulations, but also by practical considerations. A large number of claims are filed with the Department, and without written evidence of them, it would be extremely difficult, if not impossible, to determine exactly when an informal claim was filed and what benefits were sought. The filing date is critical because under the statute, the effective date of an award cannot be earlier than the date of the filing of the application.
 

 To permit an oral statement to constitute the filing of an informal claim would create serious problems in the operation of the veterans benefits programs. It would often be impossible for the Department’s personnel who handle and process these claims to recollect many of the oral applications made, let alone the details of those claims. As our predecessor court stated, in holding that an informal claim for a tax refund must be written:
 

 It is common knowledge that the personnel in governmental departments is constantly changing. Many times several different employees work on a single case. Some of them have before them only such information as is contained in the files. For this reason, and because of the shortness of the memory of man, and for many other reasons, only a written claim is sufficient to meet the requirements of the statute and the need it intended to fill.
 

 Wrightsman Petroleum Co. v. United States,
 
 92 Ct.Cl. 217, 35 F.Supp. 86, 96 (1940) (citation omitted).
 

 The same reasoning applies to the filing of informal claims for veterans benefits.
 

 In sum, the Court of Veterans Appeals correctly held that the under the Department’s regulations an informal claim application must be written.
 

 C. Rodriguez argues that if an informal claim application must be in writing, the written notice from the Social Security Administration that she submitted to the Department’s Puerto Rican regional office in 1987 satisfied the requirement. That argument, however, involves only the application of the regulation to the particular facts of her case, not the interpretation of the regulation itself. We therefore have no jurisdiction to consider that argument.
 

 D. Rodriguez makes several other arguments relating to these provisions, including the claim that the Secretary should be equitably estopped from denying benefits for the period 1987 to 1990. She also argues that the Department improperly failed to reopen her 1980 claim when she submitted the notice from the Social Security Administration in 1987. She asserts that this was “new and material evidence” under 38 U.S.C. § 5108, which provides for reopening in that situation. We need not discuss these contentions, however, because they involve not the interpretation of the statutory provisions, but their application to the particular facts of this case. That is an issue beyond our jurisdiction.
 

 E. Two provisions of Title 38 of the United States Code require the Secretary to assist applicants in filing claims. Section 5102 states:
 

 Upon request made in person or in writing by any person claiming or apply
 
 *1355
 
 ing for benefits under the laws administered by the Secretary, the Secretary shall furnish such person, free of all expense, all such printed instructions and forms as may be necessary in establishing such claim.
 

 Section 7722(d) states:
 

 The Secretary shall provide, to the maximum extent possible, aid and assistance (including personal interviews) to members of the Armed Forces, veterans, and eligible dependents with respect to subsections (b) and (c) [of section 7722] and in the preparation and presentation of claims under laws administered by the Department.
 

 Rodriguez contends that the Secretary violated those provisions by failing to provide her with a formal claim form and to assist her in executing it when she visited the Puerto Rican regional office in 1987 to seek benefits. She contends that the appropriate remedy for the Secretary’s failure to satisfy his obligation at that time is to give her 1990 formal application an effective date of 1987.
 

 To the extent that Rodriguez’s argument is that her 1987 submissions to the regional office triggered the Secretary’s obligation to assist her, it involves the application of the statutory provisions to the particular facts, and therefore is beyond our jurisdiction. The other aspects of her argument, however, involve the interpretation of those statutes.
 

 It is doubtful whether these two provisions create any enforceable rights for an applicant for benefits who did not receive assistance in presenting a claim. Neither provision prescribes any remedy for breach. The provisions appear to be hortatory rather than to impose enforceable legal obligations upon the Secretary.
 

 In any event, nothing in those provisions indicates, or even suggests, that the Secretary’s failure to provide assistance to a claimant justifies ignoring the unequivocal command in 38 U.S.C. § 5110(a) that the effective date of benefits cannot be earlier than the filing of an application therefor.
 
 See Newport News Shipbuilding & Dry Dock Co. v. Garrett,
 
 6 F.3d 1547, 1559 (Fed.Cir.1993) (“the specific substantive section in issue here ... surely trumpfs] other general goals of the overall statute to the extent that they are arguably inconsistent, particularly where the general goals are stated only in general, introductory and hortatory language”). Rodriguez did not file a formal or informal application until 1990, and under the statute that - and not an earlier date at which the Secretary allegedly failed to provide her assistance in fifing her claim - is the effective date of her benefits.
 

 CONCLUSION
 

 The judgment of the Court of Veterans Appeals is
 

 AFFIRMED.