MICHEL, Circuit Judge.
Tyrone Miguel appeals the June 12, 2000 decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”), which affirmed the March 15, 1999 decision of the Board of Veterans’ Appeals (“BVA”), denying his claim that the Veterans Affairs Regional Office (“VARO”) incorrectly established October 27, 1995, the date of his written claim, as the effective date for his disability benefits. Miguel v. West, No. 99-643 (Vet.App. June 12, 2000). We have jurisdiction pursuant to 38 U.S.C. § 7292 (1994). Because this panel lacks the authority to overturn Rodriguez v. West, 189 F.3d 1351 (Fed.Cir.1999), a prior Federal Circuit panel’s decision that requires all claims for veterans benefits to be in writing, we affirm, for Miguel’s earliest written claim was in 1995. Because we lack jurisdiction to review challenges to factual determinations, and because we conclude that as a matter of law there is no “substantial compliance” standard under Rodriguez, we do not review Miguel’s alternative argument that he may have substantially complied with Rodriguez.
Background
Miguel served on active duty in the U.S. Marine Corps from July 1984 until March 1985, at which point he transferred into the Marine Corps active reserves until his discharge in April 1990.
In October of 1991, Miguel met with a benefits counselor at the VARO in Los Angeles, California, to apply for veterans benefits due to a psychiatric disability. Miguel allegedly showed the counselor a copy of his DD-214 military discharge (“DD-214”) and a microfiche of his military records. Miguel contends that the counselor erroneously informed him that, based on the length of time he spent on active duty, he did not qualify for any VA benefits. The counselor did not provide him with a claim form. Thus, Miguel did not file a written claim at that time.
Four years later, in October of 1995, Miguel filed a written claim for service-connection for a psychiatric disability. In January of 1996, the VARO granted service connection for depression with psychotic features and rated him as 100 percent disabled. The benefits were effective *859 from October 27, 1995, the date his application was received by the VARO.
In October 1996, Miguel filed a Notice of Disagreement with the BVA, asserting that because he was erroneously informed by a VARO counselor in October 1991 that he was ineligible for, benefits, the effective date of his disability benefits should be retroactively dated to October 1991. On March 15, 1999, the BVA denied Miguel’s appeal, basing its decision on the fact that Miguel’s first written claim for benefits was received by the VARO on October 27, 1995.[1] In a one-judge memorandum decision dated May 9, 2000, the Veterans Court affirmed the BVA’s decision. On June 12, 2000, the Veterans Court entered judgment in accordance with the May 9 decision. Subsequently, Miguel filed a timely appeal with this court. He asks that the decision of the Veterans Court be vacated and that this case be remanded for further proceedings.
Discussion
The scope of our review of decisions of the Veterans Court is narrowly limited by statute. This court must affirm the Veterans Court’s decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of statutory jurisdiction, authority or limitations, or in violation of a statutory right; or without observance of procedure required by law. 38 U.S.C. § 7292(d)(1). This court, however, may not review factual determinations, or laws or regulations as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).
I.
In Rodriguez, we held that a claim for veteran’s benefits, whether formal or informal, must be in writing. 189 F.3d at 1354. Moreover, to be a “claim,” the writing must request benefits: 38 C .F.R. § 3.1(p) defines a “claim-application” as “a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit.” 38 C.F.R. Section 3.155(a) further defines an “informal claim” as “indicating an intent to apply for one or more benefits ... Such informal claim must identify the benefits sought.” We reasoned that the Department of Veterans Affairs (“DVA”) must have written evidence of the precise filing date in order to be able to calculate the effective date in accordance with 38 U.S.C. § 5110(a) (1994). See id. Section 5110(a) states that, “the effective date of an award based on an original claim ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application thereof.”
Miguel asserts that the Federal Circuit incorrectly held in Rodriguez that informal claims must be in writing, and urges that the oral claim he allegedly made to the VARO for benefits four years prior to the date of his written claim should be considered the effective date of his award. However, as the government correctly argues, Miguel’s contention regarding the propriety of the Rodriguez decision is irrelevant, as this panel lacks the authority to overturn a prior panel’s decision. See Hensley v. West, 212 F.3d 1255, 1260-61 (Fed.Cir.2000) (internal citation omitted). We are bound by the holding in Rodriguez, and thus, the effective date of Miguel’s award of benefits cannot *860 be earlier then the date he filed a written claim for the benefits. See Rodriguez, 189 F.3d at 1354 [emphasis added].
II.
Miguel alternatively argues that he may have “substantially complied” with the Rodriguez requirement of a “written claim” in October 1991, because he allegedly produced a copy of his DD-214 and other service records to the VARO counselor at that time and also signed and dated a roster during the visit. Miguel points out that because the BVA decision preceded our holding in Rodriguez, the BVA never addressed the requirement that an informal claim must be in writing. He thus argues the Veterans Court may not properly decide the date his claim was filed because the Veterans Court may not decide issues of fact, but rather may only review the BVA’s factual determinations. See 38 U.S.C. § 7261(c); Hensley, 212 F.3d at 1264.
Although the BVA did not specifically rely on Rodriguez, it nonetheless did make a factual determination that Miguel’s visit to the VARO did not constitute a claim for benefits and thus the effective date of his benefits could only be October 27, 1995, the date of his written claim.
In its opinion, the Veterans Court stressed that the BVA’s assignment of an effective date for an award of benefits is a factual determination, which is thus reviewed by the Veterans Court under a “clearly erroneous” standard. See 38 U.S.C. § 7261(a)(4) (1994);[2] Quarles v. Derwinski, 3 Vet.App. 129, 135 (1992) [internal citations omitted]. The Veterans Court concluded that the BVA’s factual basis for assigning the effective date was plausible, and therefore the finding and the entire decision could not be overturned. We agree that the assignment of an effective date made by the BVA was a factual determination. Therefore, as this court may not review a factual determination, or a law or regulation as applied to the facts, we do not have jurisdiction to review the determination of the effective date insofar as it is a factual determination. See 38 U.S.C. § 7292(d)(2); Meeks v. West, 216 F.3d 1363, 1365-66 (Fed.Cir.2000). Therefore, to the extent Miguel’s appeal challenges the BVA finding, we may not consider it.
Miguel further presents a question of law regarding whether “substantial compliance” is tantamount to compliance with the requirements of 38 C.F.R. § 3.155(a) or 38 C.F.R. § 3.1(p) set forth in Rodriguez. As explained in Rodriguez, our holding is supported by the language of the regulations and by practical considerations. Rodriguez, 189 F.3d at 1354. Pursuant to 38 C.F.R. § 3.1(p) and 38 C.F.R. § 3.155, an informal claim must be written and must specifically identify the benefits sought. Further, as discussed in Rodriguez, because of the large number of claims filed with the DVA and the fact that many different employees may work on a single case, it is imperative that a file contain written evidence of the date a claim was filed and the benefits being sought. Rodriguez, 189 F.3d at 1354 (internal citations omitted). Thus, practical considerations and the plain language of the relevant regulations mandate that there can be no partial or “substantial” compliance with Rodriguez.
*861 in.
Miguel additionally claims that the Veterans Court overlooked the DVA’s failure to carry out its duty to assist under 38 C.F.R. § 3.203(c) (1994) because it failed to verify the length and character of his service and give him a claim form, that the Veterans Court failed to “decide all relevant question of law” under 38 U.S.C. § 7261(a)(1) (1994) because it failed to discuss whether submitting his DD-214 and other service records constituted “substantial compliance” with Rodriguez’s requirement that a claim be written, and that the Veterans Court erred by holding that the doctrine of equitable tolling was inapplicable although the VARO counselor allegedly misinformed him that he was ineligible for any benefits. Although we do not further discuss these secondary arguments here, we have fully considered them and find them unpersuasive.
Conclusion
This court lacks the authority to overturn Rodriguez, except en banc, and Rodriguez clearly mandates that because Miguel did not file a written claim in October 1991, the earliest possible effective date for his award was October 27, 1995, when he did file a written claim. In regards to Miguel’s alternative argument that he may have “substantially complied” with Rodriguez’s requirement of a written informal claim, we conclude as matter of law that there is no such “substantial compliance” standard. Further, even if there were a “substantial compliance” standard, the question of whether Miguel met such a standard is a factual determination which we do not have jurisdiction to make. Accordingly, we affirm the decision of the Veterans Court.

. Pursuant to 38 C.F.R. § 3.400(b)(2)(i) (1994), if a claim for direct service connection is received later than one year after separation from service, the effective date shall be the "date of claim, or date entitlement arose, whichever is later.”

. Section 7261(a)(4) provides in relevant part that "[the Veterans Court] shall ... in the case of a finding of material fact made in reaching a decision in a case before the Department with respect to benefits under law administered by the Secretary, hold unlawful and set aside such finding if the finding is clearly erroneous.”