# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1048

HOLLY P. ANDREWS,                                                        APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                           APPELLEE.

Before FARLEY, HOLDAWAY, and STEINBERG, *Judges*.

## O R D E R

On September 12, 2002, the Court affirmed the September 23, 1998, Board of Veterans' Appeals decision that denied an effective date earlier than June 14, 1991, for an award of service connection for a psychiatric disability. *Andrews v. Principi*, __ Vet.App. __, No. 99-1048 (Sept. 12, 2002). On October 2, 2002, the appellant, through counsel, filed a motion for reconsideration. Upon consideration of the foregoing, the parties' pleadings, and the record on appeal, it is

ORDERED that the motion for reconsideration is denied.

DATED:    October 31, 2002                                         PER CURIAM.

STEINBERG, *Judge*, dissenting: I voted to request a response from the Secretary to the appellant's motion for reconsideration. *See* U.S. VET. APP. R. 35(g). At the time that the Court issued its merits opinion in this case, I felt bound by the language of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Rodriguez*[1] (albeit not an opinion that answered all questions). However, the Federal Circuit's subsequent statement in *Jaquay*[2], to which the appellant calls the Court's attention – "[i]n the context of the non-adversarial, paternalistic, uniquely pro-claimant veterans' compensation system, and consistent with our decision in *Bailey* [*v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc)], the availability of equitable tolling pursuant to *Irwin* [*v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990),] should be interpreted liberally with respect to filings during the non-adversarial stage of the veterans' benefits process" – and the fact that

---

[1] *Rodriguez v. West*, 189 F.3d 1352 (Fed. Cir. 1999), *reh'g denied* (en banc), *cert. denied*, 529 U.S. 1004 (2000).

[2] *Jaquay v. Principi*, No. 98-7051, 2002 WL 31050816, at *8 (Fed. Cir. Sept. 16, 2002).

the Secretary can be required (1) to ignore his own perfectly clear regulation[3] as to where a motion for Board of Veterans' Appeals (BVA) reconsideration is to be filed and (2) to establish a procedure for ensuring that misaddressed reconsideration motions are forwarded to the BVA do suggest to me that where the Secretary has been directed by Congress to provide certain assistance to veterans[4], a failure to do so could well fall within the broad equitable-tolling prescription of the Federal Circuit in *Jaquay*. Accordingly, I would prefer to have had the benefit of the Secretary's point of view before casting my vote in this instance, and thus voted for a Rule 35(g) order.

---

[3] 38 C.F.R. § 20.1001(b) (2001) (providing that motions for BVA reconsideration "***must*** be filed" at the Board of Veterans' Appeals) (emphasis added).

[4] 38 U.S.C. § 7722(b) (providing that "Secretary shall by letter advise each veteran at the time of the veteran's discharge or release from active military, naval, or air service (or as soon as possible after such discharge or release) of all benefits and services under laws administered by the Department [of Veterans Affairs] for which the veteran may be eligible"), (c)(1) (providing that "Secretary shall distribute full information to eligible veterans and eligible dependents regarding all benefits and services to which they may be entitled under laws administered by the Department").