HAGEL, Judge,
dissenting:
I write separately to express my disagreement with the majority’s conclusion that the Board did not err in finding that Mr. King did not submit an informal claim for benefits. The Court should vacate the Board’s finding that Mr. King did not communicate an intention to reopen his claim and remand the matter to the Board to provide adequate reasons or bases for its conclusions. The majority employs the incorrect standard of review, and it should have found that the Board provided inadequate reasons or bases for reaching its conclusion.
A. Reasons or Bases
The Board in this case simply concluded that “[t]he record does not indicate any communication from the veteran or his representative received prior to May 15, 2000, that may reasonably be construed as an indication he was seeking to reopen his claim for service connection.” R. at 4. This declaration, void of any explanation, constitutes the totality of the Board’s consideration of whether Mr. King submitted an informal claim.
The Court’s jurisprudence is perfectly clear that, in making a finding on any material issue of fact or law, the Board is required to provide a statement of its reasons or bases for the conclusions it reaches. See 38 U.S.C. § 7104(d)(1). In so doing, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet.App. 498, 506 *473 (1995), aff'd per curiam, 78 F.3d 604, 1996 WL 56489 (Fed.Cir.1996) (table).
Here, the Board stated that the disposi-tive question was whether the record contained any communications from Mr. King that could be construed as demonstrating an intent to reopen his previously denied claim for benefits. Because Mr. King’s intent to reopen was the central question, the Board was required to discuss whether a notation in a June 1997 treatment record indicating that Mr. King “wants to file a claim for service connected disability” demonstrates an intent to obtain benefits. R. at 74. At the very least, that note is material evidence that should have been discussed before the Board made its finding that Mr. King never communicated a desire to reopen his claim. Because the Board did not explain why Mr. King’s June 1997 statement did not demonstrate an intent to file a claim for benefits, I cannot comprehend how the majority could find that there was a Board decision capable of review or one that Mr. King could understand. See Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990). Consequently, I would find that the Board provided inadequate reasons or bases for finding that he lacked an intent to apply for benefits. See Caluza, 7 Vet.App. at 506.
Accordingly, I dissent from the majority’s opinion because I believe that the Court should have considered whether the Board provided an adequate statement of reasons or bases for its finding.
B. Intent to Make an Informal Claim
Mr. King intended to make an informal claim for benefits. The June 1997 medical record repeating Mr. King’s statement to a VA official that he “wants to file a claim for service connected disability” constitutes an informal claim. R. at 74.
As the majority notes, there are three requirements that must be satisfied if the Board is to find that an informal claim has been filed. There must be (1) a communication in writing that (2) expresses an intent to apply for benefits, and (3) identifies the benefits sought. See Brokowski, 23 Vet.App. at 84; 38 C.F.R. § 3.155(a). All three requirements were satisfied here. Consequently, the June 1997 treatment note qualifies as an informal claim for benefits.
The first requirement is that an informal claim must be written. The purpose of requiring a writing is not to create a technical hurdle for claimants, but to allow for some precision in determining when an informal claim was made and establishing its general contents. See Rodriguez v. West, 189 F.3d 1351, 1354 (Fed.Cir.1999). The U.S. Court of Appeals for the Federal Circuit stated that an informal claim must be written because “[t]o permit an oral statement to constitute the filing of an informal claim would create serious problems in the operation of the veterans benefits programs.” Id. Thus, the informal claim must be written to prove that it was, in fact, submitted.
In accomplishing this purpose, it is of no consequence by whom an informal claim is written, so long as it is written. The date of the informal claim in this case can be affixed with certainty, as the VA clinical specialist transferred Mr. King’s intentions in June 1997. The fact that the writing was done by a VA clinician and not the claimant is irrelevant where the claimant directly communicates this information to the VA official. Nor does § 3.155(a) provide a limitation in its definition of an informal claim as “[a]ny communication or action” from the claimant, a representative, a member of Congress, or a claimant’s next friend. Although the communication must originate with the claimant, that does not mean that the writing must be made by any of the listed individuals. Here, there is no question that Mr. King *474 himself made the communication to VA when he stated that he wanted to make a claim for benefits and a VA employee simultaneously recorded that communication in an official VA document that is now contained in the claims file. Thus, the first element of an informal claim, a writing, has been satisfied here.
The second requirement for an informal claim is that a claimant must express an intent to apply for benefits. In looking for intent, the Board is required to “interpret the appellant’s submissions, broadly,” although the claimant must have “asserted the claim expressly or impliedly.” Brannon, 12 Vet.App. at 35.
The statement in the June 1997 VA medical record demonstrates a clear intent to apply for benefits. The VA clinical specialist wrote that Mr King “wants to file a claim for service connected disability.” R. at 74. It is clear from this statement that Mr. King told a VA representative that he wanted VA benefits. Given the Board’s obligation to interpret such statement’s broadly, it is difficult to envision how this statement fails to show an intent to obtain disability benefits.
The majority holds that this statement is insufficient to establish an intent to seek disability benefits because the clinical specialist then told Mr. King that he should apply for benefits. This holding misses the point; the standard is not whether the veteran had a reasonable intention to apply for benefits or took reasonable steps to act on that intention, but simply whether there was any intention to obtain benefits. The fact that the VA representative told Mr. King to make the claim elsewhere is of no relevance in evaluating Mr. King’s intentions.
The underlying assumption seems to be that Mr. King could not have had an intention to seek benefits because he made the request to the wrong part of VA. If Mr. King had made the same statement to a Board member or decision review officer at a hearing or to anyone at a VA regional office (i.e., “I want to file a claim for service-connected disability”), there can be no doubt that this statement would have been seen as sufficient intent to seek disability benefits. Then why should the claimant’s intent in seeking benefits be determined by the title of the VA representative to whom the statement is made? Certainly the regulation makes no such distinction, and veterans are not expected to be experts in VA’s organizational structure. See Landicho, 7 Vet.App. at 50 (holding that informal claim requirements were satisfied by serving documents on the Secretary’s litigation representatives). Moreover, although it may well be within the Secretary’s authority, VA has not promulgated a regulation establishing which of its employees may receive a formal or informal claim. Because I see no basis for concluding that a medical specialist at a VA medical center cannot receive an informal claim, and because Mr. King stated that he wanted to file a claim for disability benefits, I would find that, reading the claim sympathetically, Mr. King displayed sufficient intent that he was applying for benefits. See Brokowski, 23 Vet.App. at 84.
The third and final requirement for finding that an informal claim has been filed is that the claimant must identify the benefit sought. A “claimant’s identification of the benefit sought does not require any technical precision.” Id. Again, the Board must interpret a claimant’s submission broadly and sympathetically. Id.
Here, I would find that Mr. King identified the benefit sought, as he described complaints relating to schizophrenia to a VA clinical specialist before stating that he wanted a “service connected disability.” R. at 74. Mr. King was not required to specifically name the condition for which *475 he wanted benefits, as long as he identified the symptoms. See Ingram v. Nicholson, 21 Vet.App. 232, 256-57 (2007) (holding that the Secretary, not the claimant, must evaluate whether there is potential to assign benefits for described symptoms). Thus, Mr. King sufficiently identified the benefit sought.
Because Mr. King displayed an intent to seek disability benefits for schizophrenia, and because that intention is memorialized in a writing by a VA official and has since that time been in an official VA record, I would find that Mr. King made an informal claim to reopen his previously denied schizophrenia claim in June 1997. See Brokowski, 23 Vet.App. at 84. Because all of the requirements for an informal claim were satisfied, I would find that the Board’s finding that there was no indication that Mr. King made an informal claim was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 38 U.S.C. § 7261(a)(3)(A).
For these reasons, I respectfully dissent from the majority’s decision.