﻿Citation Nr: AXXXXXXXX
Decision Date: 12/07/18 Archive Date: 12/07/18

DOCKET NO. 180817-241
DATE: December 7, 2018
ORDER
Entitlement to an effective date prior to August 16, 2017 for the grant of service connection for adjustment disorder with mixed anxiety and depressed mood is denied.
FINDINGS OF FACT
1. The Veteran submitted a statement on October 25, 2012 indicating that he had anxiety and depression related to his service-connected back disability. 
2. A claim for entitlement to service connection for depression was not received until August 16, 2017; there is no evidence that a formal or informal claim was submitted prior to that date. 
CONCLUSION OF LAW
The criteria for an effective date prior to August 16, 2017 for the grant of service connection for adjustment disorder with mixed anxiety and depressed mood have not been met. 38 U.S.C. §§ 5110, 5103A; 38 C.F.R. 3.159, 3.400.
REASONS AND BASES FOR FINDINGS AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. 
The Veteran served on active duty in the United States Navy from November 1980 to November 2000. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the April 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 
The Board notes that the AOJ issued a RAMP rating decision in October 2018 addressing the issue on appeal. However, as noted by the Veteran’s attorney, this issue was already on the Board’s docket pursuant to the April 2018 rating decision. Accordingly, the October 2018 RAMP rating decision is found to be issued in error. 
1. Entitlement to an effective date prior to August 16, 2017 for the grant of service connection for adjustment disorder with mixed anxiety and depressed mood
The Veteran contends that he is entitled to an earlier effective date for the award of service connection for adjustment disorder with mixed anxiety and depressed mood. Specifically, the Veteran’s attorney argues that an October 2012 statement regarding his anxiety and depression related to his service-connected back disability should be considered an informal claim. As such, he requests an effective date of October 25, 2012 for the award of service connection for adjustment disorder with mixed anxiety and depressed mood. 
The effective date for a grant of service connection is the day following the date of separation from active service or the date entitlement arose, if the claim is received within one year after separation from service. Otherwise, it is the date of receipt of claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a), (b); 38 C.F.R. § 3.400(b). 
The Board notes that on March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises. See 79 Fed. Reg. 57,660 (Sept. 25, 2014). The amendments, however, are only effective for claims filed on or after March 24, 2015.
Regarding claims filed prior to March 24, 2015, any communication or action, indicating an intent to apply for one or more benefits under laws administered by VA, from a Veteran or her representative, may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the veteran, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155(a) (as in effect prior to March 24, 2015).
There is no set form that an informal written claim must take. All that is required is that the communication indicates an intent to apply for one or more benefits under the laws administered by VA, and identify the benefits sought. Rodriguez v. West, 189 F.3d 1351 (1999).
The record reflects that the Veteran submitted a statement in October 2012 requesting an increase in his disability rating for his service-connected back disability. He indicated that his back was affecting him by giving him “a lot of anxiousness and depression.”
In response, the AOJ sent the Veteran a letter in January 2013 seeking, in part, clarification from the Veteran as to whether he intended to file a claim for anxiousness and depression due to the service-connected back disability. The AOJ notified the Veteran that if he failed to respond within 30 days, they would not take any further action on the issue. The Veteran responded to the letter within 30 days, further explaining his service-connected back disability symptomatology. However, in his response, there is no mention of anxiety or depression or an intent to file a claim for such. 
Thereafter, the Veteran filed an Intent to File a Claim for Compensation, VA Form 21-0966, on August 16, 2017. In October 2017, the Veteran noted that he was pursuing a claim for entitlement to service connection for depression as secondary to a back condition. 
Based on the above, the Board finds that the Veteran’s award of service connection for adjustment disorder with mixed anxiety and depressed mood has been assigned the earliest effective date permitted under VA regulations. See 38 C.F.R. § 3.400(b). As the regulations apply here, the effective date for the grant of service connection is the date of receipt of the claim or the date entitlement arose, whichever is later. The record reflects that the Veteran first filed for service connection for depression on August 16, 2017. 
It is true that the Veteran had interactions with VA as early as October 2012 indicating he had anxiety and depression. However, as noted, the Veteran failed to indicate an intent to file a claim for service connection for such when clarification was specifically sought by the AOJ in January 2013. 
The Board has considered the Veteran’s attorney’s argument that the VA provided misleading information in the January 2013 correspondence, indicating that VA should have notified the Veteran that he had a year to submit his claim pursuant to the Federal Circuit’s holding in Paralyzed Veterans of America v. Secretary of Veterans Affairs, 345 F3d. 1334 (Fed. Cir. 2003). However, the Board notes that in Paralyzed Veterans, the Federal Circuit was addressing VA’s notice requirements, in effect “upon receiving a complete or substantially complete application.” Paralyzed Veterans of America, 345 F3d. at 1344. Here, the Board finds that the Veteran did not submit a “complete or substantially complete” claim prior to August 16, 2017. The October 2012 correspondence did not indicate an intent to apply for benefits under the laws administered by VA or identify the benefits sought sufficient to be acknowledged as an informal claim. Further, the Veteran did not indicate that he wished to file such a claim when specifically asked by the AOJ in January 2013, following the October 2012 correspondence. The Board finds that the first evidence of an intent to file a claim for service connection was received on August 16, 2017. Accordingly, there is no legal basis to establish an earlier effective date than August 16, 2017, and the claim must be denied. See 38 C.F.R. § 3.400.

 
CAROLINE B. FLEMING
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Lindsey Connor