﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191120-44333
DATE: June 16, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to an effective date prior to April 5, 2019 for the grant of entitlement to service connection for tinnitus is denied.

Entitlement to additional compensation for dependents N.H., wife; S.H., daughter; and B.H., son is denied.

FINDINGS OF FACT

1. The Veteran does not have a hearing loss disability pursuant to 38 C.F.R. § 3.385.

2. The Veteran submitted a claim of entitlement to service connection for tinnitus on April 5, 2019.

3. Prior to the April 5, 2019 claim, there were no pending requests for entitlement to service connection for tinnitus that remained unadjudicated.

4. The Veteran is not assigned a 30 percent or greater disability rating.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385.

2. The criteria for an effective date earlier than April 5, 2019, for the award of service connection for tinnitus have not been met. 38 U.S.C. §§ 5101(a), 5107, 5110; 38 C.F.R. §§ 3.1(p), 3.104, 3.151, 3.156, 3.160, 3.400.

3. The criteria for adding the Veteran's dependents to his award of compensation purposes are not met. 38 U.S.C. § 1115; 38 C.F.R. § 3.4.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty for training (ACDUTRA) from June 1983 to September 1983, with additional service in the Marine Corps Reserve. 

This matter comes before the Board of Veteran’s Appeals (Board) on appeal from an October 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO), issued after the implementation of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA).

Within the framework of the AMA, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), and elected Direct Review by a Veterans Law Judge (VLJ) in November 2019. See November 2019 VA Form 10182 Notice of Disagreement. The Board notes that under the direct review option, no additional evidence received after the appealed rating decision is to be considered; rather, review is limited to the evidence on record at the time of the decision. 38 C.F.R. §§ 19.2(d), 20.301.

The Board notes that the RO granted the Veteran’s claim of entitlement to service connection for tinnitus in an October 2019 rating decision. Specifically, the RO found that the Veteran’s tinnitus was incurred in the line of duty during his period of service from June to September 1983. See October 2019 Rating Decision – Narrative. As such, the Veteran’s service from June to September 1983 is now considered active service. 

1. Entitlement to service connection for bilateral hearing loss is denied. 

The Veteran stated that he had in-service traumatic noise exposure due to his military occupational specialty (MOS) as an artilleryman, which is supported by his DD-214. Specifically, the Veteran stated that he carried a howitzer and was exposed to extreme noise from firearms during multiple fire missions in service. See April 2019 VA Form 21-4138 Statement in Support of Claim; May 2019 Certificate of Release or Discharge from Active Duty. The Veteran also stated that his bilateral hearing loss may have been caused by being struck in the head by an artillery gun during service. See May 2019 VA Form 21-4138 Statement in Support of Claim.

Generally, to establish service connection a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Certain diseases, including hearing loss, may be presumed to have been incurred in service when they manifest to a compensable degree within one year of discharge from active duty. 38 U.S.C. § 1112; 38 C.F.R. §§ 3.307, 3.309. Service connection for a recognized chronic disease can also be established through continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303(b), 3.309.

To establish the presence of hearing loss for VA compensation purposes, the Veteran must show his bilateral hearing loss constitutes a disability by proffering evidence that the auditory threshold in any of the frequencies 500 Hertz (Hz), 1000 Hz, 2000 Hz, 3000 Hz, 4000 Hz are 40 decibels or greater; or at least three of the frequencies 500 Hz, 1000 Hz, 2000 Hz, 3000 Hz, 4000 Hz are 26 decibels or greater; or when speech recognition scores are less than 94 percent (Maryland CNC Test). 38 C.F.R. § 3.385.

A review of the post-service treatment records shows that the Veteran was afforded a VA examination for hearing loss in September 2019, which noted the following audiometric testing results:

 HERTZ

 500 1000 2000 3000 4000

Right 20 20 20 20 20

Left 20 20 20 20 25

Speech recognition scores were 96 percent, bilaterally. The examiner further noted that both of the Veteran’s ears showed normal acoustic immittance, abnormal ipsilateral acoustic reflexes, and abnormal contralateral acoustic reflexes. During the examination, the Veteran reported that he spoke too loudly, could not hear background noise, and had difficulty hearing and following conversations at work. Following the examination, the examiner stated that the Veteran had normal hearing in his right ear, but found sensorineural hearing loss in the frequency range of 6000 Hz or higher frequencies in the Veteran’s left ear. The examiner reported that the audiometric testing results only showed hearing loss at frequencies over 8000 HZ, and as such, the Veteran did not meet VA criteria for hearing loss. See September 2019 C&P examination. 

After a review of the evidence of record, the Board finds that service connection for bilateral hearing loss is not warranted.

As noted above, the medical evidence of record does not reflect a diagnosis of bilateral hearing loss in accordance with 38 C.F.R.§ 3.385. Accordingly, the Board finds that the Veteran does not have a hearing loss disability in accordance with VA standards, and as such, the first element of service connection has not been met.

The Board recognizes the Veteran’s assertion that he has a current bilateral hearing loss disability. In this regard, a Veteran is considered competent to report the observable manifestations of his claimed disability. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (“ringing in the ears is capable of lay observation”); Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (lay testimony iterating knowledge and personal observations of witness are competent to prove that claimant exhibited certain symptoms at a particular time following service). However, while a Veteran can competently report the onset and continuity of hearing loss symptoms, an actual diagnosis of sensorineural hearing loss requires objective testing to determine whether it is severe enough to be considered a disability for VA compensation purposes. See Jandreau v. Nicholson, 492 F.3d 1372, 1376, 1377 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis).

As noted above, a necessary element for establishing entitlement to service connection is the existence of a current disability; it is the cornerstone of a claim for VA disability compensation. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Degmetich v. Brown, 104 F.3d 1328, 1332 (Fed. Cir. 1997). 

Absent a diagnosis of bilateral hearing loss, the Board finds that the first Shedden requirement has not been met and the probative evidence is against the Veteran’s claim for service connection for bilateral hearing loss. Therefore, the benefit-of-the-doubt doctrine is inapplicable where, as here, the preponderance of the evidence is against the claim for service connection. Accordingly, the claim is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 58 (1990).

2. Entitlement to an effective date prior to April 5, 2019 for the grant of entitlement to service connection for tinnitus is denied.

The Veteran filed his claim of entitlement to service connection for tinnitus on April 5, 2019. An October 2019 rating decision granted service connection for tinnitus and assigned a 10 percent rating, effective April 5, 2019. In his November 2019 VA Form 10182, the Veteran asserted entitlement to an earlier effective date. Specifically, the Veteran stated that the effective date for his service-connected tinnitus should be September 4, 1983, the day he was discharged from service. See November 2019 VA Form 10182 Notice of Disagreement.

If a claim for disability compensation is received within one year after separation from service, the effective date of entitlement is the day following separation or the date entitlement arose. 38 C.F.R. § 3.400(b)(2). Otherwise, the effective date of an award based on an original claim or a claim reopened after final adjudication shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400; Rodriguez v. West, 189 F.3d 1351, 1354 (Fed. Cir. 1999). That is, the effective date of an award "shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a).

Here, the evidence of record reflects that the Veteran originally filed his claim of entitlement to service connection for tinnitus on April 5, 2019. As noted above, the effective date cannot precede the date the Veteran filed his service connection claim. Accordingly, as the Veteran filed his service connection claim on April 5, 2019 and the effective date set for the claim is the day he filed his service connection claim, the Board finds that the legally correct effective date is April 5, 2019. Thus, there is no legal basis for an earlier effective date.

In reaching this decision the Board has considered the doctrine of reasonable doubt. However, the preponderance of the evidence is against the Veteran's claim, and as such, the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).

3. Entitlement to additional compensation for dependents N.H., wife; S.H., daughter; and B.H., son is denied.

Veterans having a 30 percent or more service-connected disability rating are eligible for additional compensation for dependents, including a spouse, dependent parents, unmarried children under 18 (or under 23 if attending an approved school), or any child who prior to age 18 has become permanently incapable of self-support because of mental or physical defect. 38 U.S.C. § 1115; 38 C.F.R. § 3.4(b)(2).

As reflected in the October 2019 rating decision, the Veteran is only service connected for tinnitus at a 10 percent rating. As he does not meet the criteria to add his spouse, daughter, and son to his award, the claim is denied. 

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Justis, Attorney-Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.