﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200421-71194
DATE: March 31, 2021

ORDER

Entitlement to an effective date prior to May 19, 2017 for the grant of service connection for posttraumatic stress disorder with traumatic brain injury (hereinafter “PTSD”) is denied.

FINDING OF FACT

1. The Veteran was discharged from active duty on May 4, 2012.

2. The Veteran filed a formal claim for service connection for PTSD on May 19, 2017.

CONCLUSION OF LAW

The criteria for an effective date prior to May 19, 2017 for the grant of service connection for PTSD have not been met. 38 U.S.C. §§ 5101, 5110, 5107 (2012); 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.159, 3.400 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from July 2008 to May 2012.

A rating decision was issued under the legacy system in December 2018 and the Veteran submitted a timely notice of disagreement as to the effective date for the grant of service connection for PTSD. In February 2020, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting an April 2020 VA Form 10182, Decision Review Request: Board Appeal, identifying the February 2020 SOC. Therefore, the February 2020 SOC is the decision on appeal. 

In the April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the February 2020 SOC. 38 C.F.R. § 20.301.

Entitlement to an effective date prior to May 19, 2017 for the grant of service connection for posttraumatic stress disorder with traumatic brain injury.

The Veteran contends that he is entitled to an earlier effective date for the grant of service connection for PTSD. Specifically, he claims that the effective date should be May 5, 2012, the day after he separated from service, as he filed an informal claim for service connection in May 2013, within one year of separation from service. He further contends that rather than send him a formal claim application in May 2013, VA should have sent him notice and/or a due process application on a character of discharge determination. As VA did not send him proper notice, the April 2013 informal claim remained pending.

If a claim for disability compensation is received within one year after separation from service, the effective date of entitlement is the day following separation or the date entitlement arose. 38 C.F.R. § 3.400(b)(2). Otherwise, the effective date of an award based on an original claim or a claim reopened after final adjudication shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400; Rodriguez v. West, 189 F.3d 1351, 1354 (Fed. Cir. 1999).

For claims dated prior to March 24, 2015, a claim was a written communication requesting a determination of, or evidencing a belief in, entitlement to specific benefits. 38 C.F.R. § 3.1(p). Claims were either formal or informal. A claim was formal when the appropriate form was used. 38 C.F.R. § 3.151 (a). Upon receipt of an informal claim, the appropriate form was forwarded for completion and submission. Doing so within one year preserved the date of the informal claim as the date of receipt of the claim. Medical evidence was accepted as an informal claim under certain circumstances, but only with respect to disabilities already service-connected. 38 C.F.R. § 3.157(b); Pacheco v. Gibson, 27 Vet. App. 21 (2014).

For claims received on or after March 24, 2015, VA amended its regulations governing how to file a claim. The effect of the amendment was to standardize the process of filing claims, as well as the forms accepted, in order to increase the efficiency, accuracy, and timeliness of claims processing, and to eliminate the concept of informal claims. See 38 C.F.R. § 3.155; 79 Fed. Reg. 57660-01. 

Turning to the evidence of record, in April 2013, the Veteran sought treatment from the VA. On May 1, 2013, VA sent the RO VA Form 10-7131 (Exchange of Beneficiary Information and Request for Administrative and Adjudicative Action). Written in the remarks section was “SC for PTSD, hearing” and the box for “Decision on Other than Honorable Discharge” was checked. 

On May 2, 2013, the RO sent the Veteran a letter indicating that they had received an informal claim for benefits and advised the Veteran to complete and return a formal application for benefits; otherwise, the RO would take no further action. No response was received. 

In June 2014, the Veteran again sought treatment from the VA. On June 24, 2014, VA sent the RO VA Form 10-7131 (Exchange of Beneficiary Information and Request for Administrative and Adjudicative Action). Written in the remarks section was “Bar or No Bar to VA Care” and the box for “Decision on Other than Honorable Discharge” was checked.

The RO requested the Veteran’s military personnel records and in April 2016, issued an Administrative Decision on the Veteran’s character of discharge, finding that his character of service was dishonorable for VA purposes. In April 2016, the RO sent the Veteran a notice letter advising him of the decision on his character of discharge. 

The RO sent a second letter in April 2016 indicating that they had received an informal claim for benefits in June 2014 and advised the Veteran to complete and return a formal application for benefits; otherwise, the RO would take no further action. Although the Veteran filed a March 2017 notice of disagreement with the April 2016 character of discharge determination, the Veteran did not respond to the April 2016 letter pertaining to his informal claim or submit a formal application for benefits. 

While the Veteran’s appeal for his character of discharge was pending, he filed a formal claim for service connection for PTSD on May 19, 2017. 

In a September 2018 rating decision, the RO determined that the Veteran was insane at the time of commission of offenses which led to his other than honorable discharge. As the Veteran was without fault, the character of his discharge did not preclude him from VA benefits.

In a December 2018 rating decision, the RO granted service connection for PTSD, effective May 19, 2017, the date his formal application was received. 

Upon review of the evidence of record, the Board finds that an effective date prior to May 19, 2017 for the grant of service connection for PTSD is not warranted. The Veteran’s formal claim for PTSD was filed on May 19, 2017, and it is from this date that the grant of service connection is effective. 

The Board does not find persuasive the Veteran’s contentions that the May 2013 informal claim was still pending. The Board notes that the May 2013 and June 2014 communications from the VA to the RO were in response to the Veteran seeking treatment through the VA. They were not communications from the Veteran seeking compensation benefits. 

However, the RO considered them informal claims and informed the Veteran that no action would be taken unless he filed a formal claim. The Veteran did not file formal claims within one year of the May 2013 and April 2016 VA letters providing a formal application, further evidence that the Veteran intended to seek treatment rather than claim compensation benefits. As the Veteran did not respond within one year of the May 2013 and April 2016 letters, his informal claims in May 2013 and June 2014 are considered abandoned. The next earliest communication that can be considered a claim for compensation benefits is the Veteran’s formal claim filed on May 19, 2017. 

The Board also does not find persuasive the Veteran’s contentions that he did not receive correct notice in May 2013. Upon receipt of a complete or substantially complete application for benefits, the VCAA requires VA to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C. § 5103(a); 38 C.F.R. § 3.159(b). 

Here, even if the Veteran’s May 2013 and June 2014 communications were informal claims for compensation benefits, a determination on character of discharge was a separate and distinct claim. As it pertained to his informal claims for compensation benefits, VCAA notice was not required as the Veteran did not file a complete or substantially complete claim. All that was required was that the RO send the Veteran a formal application for compensation benefits, and the evidence shows that the RO provided the Veteran with a formal application in May 2013 and April 2016. 

While sympathetic to the Veteran’s belief that an earlier effective date is warranted, for the reasons outlined above, the Board is precluded by law from assigning an effective date prior to May 19, 2017 for the grant of service connection for PTSD. 

(Continued on next page)

 

Accordingly, the preponderance of the evidence is against the claim for an effective date prior to May 19, 2017, for the grant of service connection for PTSD. As such, the benefit-of-the-doubt doctrine does not apply. See 38 U.S.C. § 5107(b).

 

 

Stephanie M. Owen

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Edward G. Lent

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.