NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DAVID K. WONGE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-2355

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-2813, Judge Scott Laurer.

_____

Decided:  November 13, 2024

_____

DAVID KEVIN WONGE, SR., Whitsett, NC, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, DYK and CUNNINGHAM,
*Circuit Judges*.

PER CURIAM.

David Wonge appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) denying his claim for an earlier effective date for the award of benefits. Because Mr. Wonge raises only factual issues we do not have jurisdiction to review, we *dismiss*.

BACKGROUND

Mr. Wonge served on active duty in the United States Army from February to March 1976 before being honorably discharged due to a heart condition. S. Appx. 10, 12.[1] After discharge, Mr. Wonge alleges he repeatedly visited a Regional Office (RO) of the Department of Veterans Affairs (VA) in Manhattan, New York seeking benefits, but was told he had not served long enough to qualify for benefits. *Id* at 10–11. The Board found Mr. Wonge did not file a written claim for benefits during these visits to the RO. S. Appx. 3.

On May 7, 2009, Mr. Wonge filed a claim seeking service connection and disability compensation for rheumatic heart disease, deformity of aortic valve, and aortic insufficiency. S. Appx. 8, 11. The RO granted service connection with an effective date of May 7, 2009. S. Appx. 11. Mr. Wonge filed a Notice of Disagreement, arguing the effective date should be his discharge date because he visited a VA facility shortly after discharge to apply for benefits. The RO denied an earlier effective date, and Mr. Wonge appealed to the Board. The Board denied Mr.

---

[1]    "S. Appx." refers to the Appendix attached to Respondent-Appellee's Informal Brief.

Wonge's appeal, and he appealed to the Veterans Court. The parties subsequently filed a joint motion for remand, and the case was remanded back to the Board. Respondent-Appellee's Informal Br. 3.

On remand, the Board reconsidered Mr. Wonge's appeal, particularly evidence regarding his initial, in-person attempts to apply for benefits before May 2009. S. Appx. 10. The Board found Mr. Wonge credibly demonstrated that he visited VA facilities to seek benefits earlier than May 2009, but found he did not file a claim until May 2009. S. Appx. 11. Accordingly, the Board found there was not sufficient evidence to conclude Mr. Wonge had submitted a claim for benefits earlier than May 2009, and denied entitlement to an earlier effective date. *Id.* Mr. Wonge appealed to the Veterans Court for the second time. S. Appx. 1, 3.

The Veterans Court affirmed the Board's decision, holding the Board's fact finding was not clearly erroneous and the Board had provided adequate reasons or bases for its decision. S. Appx. 3–4. Mr. Wonge argued, for the first time, the Board failed to satisfy its duty to assist because it should have remanded the claim to the RO to search for additional documentation of his VA visits, but the Veterans Court declined to review this argument. S. Appx. 4–5. Mr. Wonge timely appeals the Veterans Court's decision.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We have jurisdiction only to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as

applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Wonge argues (1) he was denied access to file a service connection claim when he was discharged; (2) evidence of his in-person attempts to apply for benefits shortly after discharge was withheld at hearings; (3) he was unjustly treated because VA staff misinformed him he was not entitled to benefits; (4) the Board failed its duty to assist because it should have remanded to the RO with instructions to search for documentation of his visits; and (5) the VA violated constitutional laws, namely the Americans with Disabilities Act. Appellant's Informal Br. 1–3, 14–17.

Mr. Wonge's arguments fall outside our jurisdiction because they challenge factual determinations or applications of law to facts. *See* 38 U.S.C. § 7292(d)(2). Mr. Wonge's first three arguments amount to a factual disagreement with the outcome of his case. Mr. Wonge appears to argue he is entitled to an earlier effective date for his disability benefits because he attempted to apply for benefits at a VA facility shortly after discharge but did not file a written claim because the VA staff misinformed him that he was not eligible for benefits due to his short service time. We are not permitted to review the factual determination that Mr. Wonge did not submit a written claim for benefits before May 2009. We are similarly not permitted to review the application of the law—that an intent to file a claim for benefits must be in writing—to the facts of Mr. Wonge's case.[2]

---

[2]    Under *Rodriguez v. West*, 189 F.3d 1351, 1353–54 (Fed. Cir. 1999), an intent to file a claim for benefits must be in writing. In 2014, the VA changed its regulations to allow claimants to communicate an intent to file orally to designated VA personnel. Standard Claims and Appeals

Mr. Wonge's fourth argument regarding the Board's duty to assist does not identify an error involving the interpretation of a statute or regulation by the Veterans Court that we can review. Mr. Wonge also made this argument before the Veterans Court, and the court declined to consider it. S. Appx. 4–5. The Veterans Court explained that, although it has discretion to consider arguments raised for the first time, Mr. Wonge had adequate time and opportunity to raise this argument before the Board, where he was represented by counsel, but failed to do so. *Id.* Mr. Wonge requested and received a copy of his claims file in 2018 and testified at a Board hearing in 2019, but did not argue his file was incomplete or the Board failed its duty to assist until his second appeal to the Veterans Court. *Id.*

Mr. Wonge's fifth argument does not raise colorable constitutional concerns that would confer jurisdiction under 38 U.S.C. § 7292(d)(2). Labeling arguments as constitutional does not automatically confer jurisdiction. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (explaining that a veteran's mere characterization of an issue as constitutional in nature is insufficient to establish appellate jurisdiction in this court). The Veterans Court did not address or invoke any constitutional rights in its decision. *See* S. Appx. 1–6. Therefore, we lack jurisdiction to consider Mr. Wonge's appeal.

---

Forms, 79 Fed. Reg. 57,660–61 (Sept. 25, 2014); *see also* 38 C.F.R. § 3.155(b)(1)(iii). However, this change in regulation does not apply to Mr. Wonge because the change did not go into effect until March 24, 2015, many years after the events in Mr. Wonge's case.

6    WONGE v. MCDONOUGH

CONCLUSION

We have considered Mr. Wonge's remaining arguments and find them unpersuasive. For the reasons stated above, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.